IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK A. BARRY, M.D.          :          MISCELLANEOUS ACTION
                             :
            v.               :
                             :
MEDTRONIC, INC.              :          NO. 16-47


MEMORANDUM

Bartle, J.                                    March 17, 2016

        Before the court is the motion of Globus Medical, Inc.
("Globus") to quash the document and deposition subpoenas served
on it in this District by Mark A. Barry, M.D. ("Dr. Barry"), the
plaintiff in Barry v. Medtronic, Inc., No. 1:14-cv-104-RC (E.D.
Tex.).  Globus is not a party to that action.

        In February 2014, Dr. Barry filed a patent
infringement lawsuit against Medtronic, Inc. ("Medtronic") in
the Eastern District of Texas (hereinafter "the underlying
action").  Dr. Barry owns U.S. Patent Numbers 7,670,358 and
8,361,121.  He licenses those patents to Biomet, Inc. ("Biomet")
to manufacture a spinal deformity treatment device.  Medtronic
manufactures a competing spinal treatment device, which Dr.
Barry claims infringes upon his patents.  In defense, Medtronic
counters, among other reasons, that Dr. Barry's patents are
invalid as obvious.

Globus, as noted above, is not a party to the underlying action. Yet, in January 2016, Dr. Barry served Globus with subpoenas seeking information about Globus's REVERE Deformity Vertebral Derotation System ("REVERE"). REVERE is a spinal deformity treatment device based on Globus's U.S. Patent Number 8,475,467. The subpoenas broadly request discovery of eleven categories of information concerning the research and development, sales, marketing, licensing, and use of REVERE. In February 2016, Globus objected to the subpoenas. It attempted unsuccessfully to resolve the discovery dispute with Dr. Barry before filing the pending motion to quash in this court.

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." See Fed. R. Civ. P. 26(b)(1). While discovery is broadly available, it is not unlimited. See id. We must balance the relevance and necessity of the requested discovery with the potential hardship that might be incurred in producing it. See Truswal Sys. Corp. v. Hydro-Air Eng'g, 813 F.2d 1207, 1210 (Fed. Cir. 1987); Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1323 (Fed. Cir. 1990). A party seeking discovery by subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." See Fed. R. Civ. P. 45(d)(1).

-2-

When discovery is sought from a non-party, "[b]roader restrictions may be necessary to prevent a non-party from suffering harassment or inconvenience."  See Avago Techs. U.S., Inc. v. IPtronics, Inc., 309 F.R.D. 294, 297 (E.D. Pa. 2015) (citing Frank v. Honeywell Int'l, Inc., 2015 WL 4770965, at *4 (E.D. Pa. Aug. 13, 2015)).

Discovery is "designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim."  See Micro Motion Inc., 894 F.2d at 1327.  Subpoenaed information "is not relevant to 'subject matter involved' in the pending action if the inquiry is based on the party's mere suspicion or speculation." See id. at 1326.  "[D]iscovery may be denied where, in the court's judgment, the inquiry lies in a speculative area."  Id.

Dr. Barry contends that the requested discovery is relevant to proving Medtronic's liability and damages for patent infringement in the underlying action.  With regard to Medtronic's liability, Dr. Barry claims that Globus copied his patented system in developing REVERE.  According to Dr. Barry, the commercial success of REVERE, which allegedly copied his patented system, is germane to the underlying action because it allows him to rebut Medtronic's claim that his patents are invalid as obvious.

-3-

However, Dr. Barry has not offered any factual basis for his allegation that Globus copied his patent.  Rather, Dr. Barry simply requests discovery of the Globus system because his patented system and REVERE both serve a similar function and look similar when diagrammed.  This is insufficient.  If competition from similar products were an adequate factual basis, every patent owner could obtain detailed discovery from all competitors simply by filing a lawsuit against one of them.

Dr. Barry offers two additional theories on relevance. He first claims that we can infer that Globus copied his patents because he discussed those patents at industry meetings. Second, he contends that because Biomet's spinal system has been promoted and sold for years, "[i]t is therefore reasonable to believe that Globus knew about Dr. Barry's innovations and used that information to design, develop, market, and sell its REVERE System."  These arguments are without merit.

Dr. Barry's alternative relevance theory pertains to damages Medtronic would owe to him in the event that Medtronic were found liable for patent infringement in the underlying action.  "One seeking discovery of sales information must show some relationship between the claimed invention and the information sought."  See Am. Standard, Inc. v. Pfizer, Inc., 828 F.2d 734, 742 (Fed. Cir. 1987).  Yet, Dr. Barry does not explain his damages theory or the relevance of the information

-4-

sought from Globus in proving damages owed by Medtronic in the underlying action.  Dr. Barry may not obtain:

> discovery of information concerning each competitor's business simply because [he] may seek to prove lost profit damages [in the underlying action].  If this position were correct, a patentee could, in virtually every infringement suit, immediately obtain discovery from all possible competitors by merely filing a complaint asking for damages against one.

<u>Micro Motion</u>, 894 F.2d at 1324-25.

Even if the discovery Dr. Barry sought were relevant, we find that it is overly burdensome and disproportional to the needs of the parties in the underlying action.  To comply with the subpoenas, Globus would have to conduct a broad review of all of information it possesses on research and development, sales, marketing, licensing, and use of REVERE.  For example, the subpoenas request that Globus provide:

> 4.  The number of times, from 2010 to the present, that Globus Medical Products <u>were used by or present and available for use in an operating room</u> during surgery to correct a spinal deformity condition, including but not limited to scoliosis.
>
> . . .
>
> 7.  The number of times, since 2010, in which Globus Medical Products <u>were used in surgeries, and the general nature of each of these surgeries</u> (e.g. correction of adolescent idiopathic scoliosis or other procedure).

(emphasis added).  Responding to these requests would require Globus to conduct extensive research into every surgery conducted by any purchaser of REVERE.  This would be an enormous and expensive undertaking.  Requiring Globus to respond to the subpoenas would be unduly burdensome and disproportional to the needs of the case.

Accordingly, we will grant the motion to Globus to quash the subpoenas served on it by Dr. Barry.